UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MOSHE FRANKEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 25-10642-FDS |
| | ) | |
| INTEL CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON MOTION FOR A PRELIMINARY INJUNCTION

**SAYLOR, J.**

This case involves claims by a software engineer, Moshe Frankel, against defendant Intel Corporation and various Intel directors. Plaintiff is proceeding *pro se*.

The complaint alleges, among other things, that Intel has been sharing its state-of-the-art semiconductor technology with a competitor, the Taiwanese Semiconductor Manufacturing Company ("TSMC"). Plaintiff, an engineer, is "the owner of software products designed to run on Intel x86 computers." (Compl. ¶ 59). According to the complaint, he "has a number of agreement[s] with Intel including a licensing semiconductors development agreement" and "an agreement to collaborate in the development of a unified mobile and personal operating system for Intel x86 devices including smart phones." (*Id.*). The complaint levies a variety of objections to more than 30 years of Intel's corporate policies, some of which, it alleges, have defrauded plaintiff or breached contracts between plaintiff and defendants.

The complaint asserts claims for mail and wire fraud (Count 1); unfair and deceptive trade practices in violation of Mass. Gen. Laws ch. 93A (Counts 2, 3, and 11); racketeering (Counts 4 and 5); breach of contract (Counts 6 and 7); breach of the implied covenant of good

faith and fair dealing (Count 8); unjust enrichment (Count 9); false advertising (Counts 10 and 12); breach of fiduciary duty (Count 13); tortious interference with a contract (Count 14); antitrust violations (Counts 15 and 16); and for declaratory relief.

Plaintiff has moved for a preliminary injunction prohibiting defendants from sharing information of any kind with TSMC. (ECF 6 Ex. 1 at 2).

To issue a preliminary injunction under Fed. R. Civ. P. 65, a district court must find that the moving party has established (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm absent interim relief, (3) that the balance of equities weighs in his favor, and (4) that a preliminary injunction is in the public interest. *Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). Of those factors, the likelihood of success on the merits "normally weighs heaviest in the decisional scales." *Coquico, Inc. v. Rodriguez-Miranda*, 562 F.3d 62, 66 (1st Cir. 2009); *see also New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002) ("The sine qua non of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity."). Furthermore, "[t]he burden of demonstrating that a denial of interim relief is likely to cause irreparable harm rests squarely upon the movant." *Charlesbank Equity Fund II v. Blinds To Go, Inc.*, 370 F.3d 151, 162 (1st Cir. 2004).

On the present record, plaintiff does not appear likely to succeed on the merits of any of his claims. The majority of his claims are based on Intel's allegedly anticompetitive corporate policies. And the majority of the harms he identifies are generalized grievances borne by the public as a whole—harms to consumers, the economy, and to American national security. Those injuries are insufficient to confer Article III standing. *See Valley Forge Christian Coll. v.*

*Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 485-86 (1982) (holding that plaintiffs failed to allege an injury in fact because "[t]hey fail[ed] to identify any personal injury suffered by them as a consequence of the alleged constitutional error, other than the psychological consequence presumably produced by observation of conduct with which one disagrees.").

However, the complaint does refer to at least two concrete harms to plaintiff himself. One of those harms appears to have accrued well before the four-year statute of limitations period for private antitrust actions. *See* 15 U.S.C. § 15b. Allegations that "the Consortium stopped" an attempt made by Advanced Micro Devices to "us[e] plaintiff's technology," appears to have happened no later than 2009. (Compl. ¶ 270-271). The other allegation, that "Intel . . . prevents x86-based computer buyers from booting their machines without Microsoft tools, thereby hindering Plaintiff's ability to market its product to x86 computer users" is difficult to place in time because of the complaint's non-linear structure and plaintiff's practice of referring to completed past actions in the present tense. (Compl. ¶ 267). But even assuming that allegation applies to Intel's current conduct, that conduct is not, by itself, anticompetitive. *See Tampa Elec. Co. v. Nashville Coal Co.*, 365 U.S. 320, 327 (1961) (finding that exclusive-dealing arrangements are not *per se* anticompetitive). And because the complaint alleges no other details about plaintiff's business or the markets in which he operates, it is difficult to discern the causal relationship between his difficulty marketing and any action Intel took to reduce competition in its own market. Accordingly, without more, the complaint appears unlikely to state a claim for relief for antitrust violations. *See Associated Gen. Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 545 (1983) (holding that "allegations of consequential harm resulting from a violation of the antitrust laws . . . are insufficient as a matter

of law" where the relationship between the violation is not a proximate cause of the injury); *see also Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 126 (2014).

The complaint also alleges harm arising from breach of a contract between plaintiff and Intel. It alleges in substance that Intel promised to collaborate with plaintiff on developing a particular technology, but then undermined the market for that technology and provided him with insufficient support to succeed. However, the complaint does not allege the terms of the contract or identify which term defendants breached. It also does not identify any conduct that is facially incompatible with a generic promise to collaborate. The complaint appears to allege, at most, that defendants' support for plaintiff's project was lukewarm. At this preliminary stage, those allegations are insufficient to establish a likelihood of success on the merits.

To summarize, plaintiff appears unlikely to establish Article III standing to bring claims challenging Intel's general corporate policy. His alleged antitrust injuries appear to be time-barred or insufficient as a matter of law. And his contract-based claims appear unlikely to succeed on the merits.

Furthermore, plaintiff makes only conclusory allegations that he will be irreparably harmed by the conduct he seeks to enjoin—that is, communication between Intel and TSMC. (ECF 6 at 1). To the extent that he alleges harm in any detail, it is harm borne by the public as a whole. (ECF 6 at 8).

Finally, plaintiff has failed to establish that the balance of the equities weighs in his favor or that the public interest favors the issuance of an injunction. Plaintiff requests dramatic relief that would interfere with the ordinary business relations between global competitors in a major industry. And he does so without drawing a connection between that conduct and any harm to himself.

In short, plaintiff has failed to establish that he is entitled to emergency relief. *See* Fed. R. Civ. P. 65. His motion for a preliminary injunction is accordingly DENIED.

**So Ordered.**

Dated: August 7, 2025

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge